UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA          :

                                                  :          18 Cr. 30 (PAC)

    - against -          :

                                                 :          **MEMORANDUM ORDER**

MEDIN KOSIC,          :

    Defendant.          :

-------------------------------------------------------------------X

Medin Kosic, an inmate at Federal Correctional Institution Fort Dix ("Fort Dix") acting *pro se*,[1] renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) following this Court's denial of his initial motion on June 11, 2020. Mot. Misc. Relief 1, ECF No. 363 ("Renewed Mot."); *United States v. Kosic*, No. 18 Cr. 30 (PAC), 2020 WL 3100459, at *3 (S.D.N.Y. June 11, 2020). There, the Court held that (1) Kosic had not presented extraordinary and compelling reasons warranting a sentence reduction, despite his health conditions; and (2) 18 U.S.C. § 3553(a)'s sentencing factors counseled against reducing Kosic's sentence, because a reduction would provide him with an undue windfall and create unwarranted

---

[1] Because he is a *pro se* litigant, the Court construes Kosic's filings liberally, interpreting them to raise the strongest arguments they suggest. *United States v. Rosa*, No. 1:11-cr-00569-PAC, 2020 WL 6075527, at *2 (S.D.N.Y. Oct. 15, 2020). Nonetheless, as the proponent of the motion, Kosic bears the burden of establishing that extraordinary and compelling reasons warrant a sentence reduction and that such a reduction is consistent with 18 U.S.C. § 3553(a)'s sentencing factors. *See id.* In determining whether Kosic has presented extraordinary and compelling reasons, the Court is permitted to consider any reasons that Kosic raises, but the Court may not consider rehabilitation alone an extraordinary and compelling reason. *United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020). Post-*Brooker*, the Court's inquiry continues to focus on conditions specific to Kosic rather than conditions affecting society generally. *See United States v. Jaquez*, No. 17 Cr. 415 (PAC), 2021 WL 857364, at *3 (S.D.N.Y. Mar. 8, 2021).

disparities between Kosic's sentence and those of his co-defendants. *Kosic*, 2020 WL 3100459, at *2, *3.

The Court denied Kosic's motion without prejudice, allowing him to renew it "should Kosic's condition or the situation at Fort Dix materially worsen." *Id.* at *3. Kosic now renews his motion on the ground that the situation at Fort Dix has materially worsened, pointing primarily to (1) the recent COVID-19 outbreak at Fort Dix and (2) the threat that new COVID-19 variants pose to him, should he contract the virus.[2] Renewed Mot. 9–13; Remark 1–4, ECF No. 370 ("Def.'s Suppl."). The Government agrees that Kosic has exhausted his administrative remedies but argues that Kosic has not established extraordinary and compelling reasons, and even if he could, a sentence reduction would be inconsistent with § 3553(a)'s sentencing goals. Resp. Opp'n 1 n.1, 2, ECF No. 364; Gov't's Suppl. 1, ECF No. 376. The Court agrees. Accordingly, Kosic's renewed motion for a sentence reduction is DENIED.

***Extraordinary & Compelling Reasons***

Kosic does not argue that his health has worsened;[3] instead, he argues that there is now more evidence to support his claim that COVID-19 poses a risk to him given his health

---

[2] The Court has considered all of the filings regarding this motion (ECF Nos. 363–366, 368, 370, 375–76), including a letter from Kosic and a responsive letter from the Government, along with Kosic's medical records, which were filed with chambers under seal because they contain confidential information. *See United States v. Madoff*, 465 F. Supp. 3d 343, 352 (S.D.N.Y. 2020) (granting motion to seal letter); *United States v. Torres*, No. 3:16-cr-00114, 2021 WL 837436, at *1 (D. Conn. Mar. 5, 2021) (noting court's acceptance of post-sentencing documents under seal); *United States v. McKay*, No. 1:18-cr-00339-PAC-7, 2021 WL 807108, at *4 n.8 (S.D.N.Y. Mar. 3, 2021) (accepting medical records under seal).

[3] Kosic now asserts that he has diabetes (Renewed Mot. 16), but he does not offer any evidence supporting that claim. Instead, some bloodwork from 2018 indicates that Kosic is at "[i]ncreased [r]isk" of developing diabetes, and a June 2019 medical record indicates that Kosic does not have diabetes. *See* Renewed Mot. Ex. E, ECF No. 363. Kosic does not provide any more recent medical records, nor does he discuss his alleged diabetes after noting that he has it. Even if he is

2

conditions. The Government, recognizing that the Centers for Disease Control ("CDC") now consider obesity a condition that increases a person's risk of experiencing severe illness from COVID-19, "acknowledge[d] that the defendant has proffered a basis for the Court to find that extraordinary and compelling reasons for release exist within the meaning of Section 3582(c)." Resp. Opp'n 2; *see also id.* at 2 n.2. Kosic points the Court to the CDC's guidance as well, which also lists "serious heart conditions, including heart failure and coronary artery disease" as conditions that increase a person's risk of severe illness or death from COVID-19. Renewed Mot. 14 (citing CDC, *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 2, 2020)). Kosic's hypertension, according to the CDC, "might" increase his risk. *Id.* at 22. Kosic also cites multiple studies that provide further evidence in support of the conclusion that people, like Kosic, who have these medical conditions (and others, like hyperlipidemia) face an increased risk from COVID-19. *See, e.g.*, Renewed Mot. 19 & nn.41–42, 20 & nn.43–45, 21 & nn.48–49, 22–23 & n.54.

But a significant change has occurred since the Government filed its opposition to Kosic's renewed motion: Kosic has received the first dose of the Moderna vaccine, "and will receive the second dose in several weeks." Gov't's Suppl. 2. That vaccine is highly effective against COVID-19, and remains significantly effective against COVID-19 variants, including the South African variant.[4] *Id.* at 2 & n.3. Given this update,

---

diabetic, the addition of that circumstance would not change the Court's determination that Kosic has failed to present extraordinary and compelling reasons.

[4] The Court notes Kosic's concerns that current vaccines may not be as effective against new strains of COVID-19. Def.'s Suppl. 1–4; *id.* at 3 (citing Robert Langreth, *COVID-19 Mutations Undercut Optimism Even As More Vaccines Near*, JAPAN TIMES (Jan. 31, 2021), https://www.japantimes.co.jp/news/2021/01/31/world/coronavirus-variants-vaccine-fears/). But,

3

"the Government no longer concedes that Kosic has established extraordinary and compelling reasons for his release based on his medical condition." *Id.* at 2. Indeed, courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that his health conditions weighing in favor of release are no longer extraordinary and compelling. *See, e.g., United States v. Johnson*, No. 94 Cr. 631 (PGG), 2021 WL 640054, at *5 (S.D.N.Y. Feb. 18, 2021) (finding no extraordinary and compelling reasons where obese Fort Dix inmate had received first dose of vaccine and was expected to receive second dose in coming weeks); *United States v. Poupart*, No. 3:11cr116 (JBA), 2021 WL 917067, at *1–2 (D. Conn. Mar. 10, 2021) (finding no extraordinary and compelling reasons where defendant had received at least one dose of the vaccine, stating: "[defendant's] argument that his significant medical needs warrant his release lacks persuasive force since the vaccine has empowered [him] to reduce these risks."); *United States v. Harris*, No. 18-CR-628 (JMA), 2021 WL 848865, *1 (E.D.N.Y. Mar. 5, 2021) (denying motion for reconsideration where diabetic defendant had received first dose of Moderna vaccine).

"Kosic's medical records also indicate that he tested positive for COVID-19 in December 2020, but was recovered as of January 12, 2021." Gov't's Suppl. 2 n.2; *see also* Gov't's Suppl. Ex. A, Medical Records. Kosic never brought these very significant facts to the Court's attention, despite writing as recently as March 9, 2021.[5] *See* Def.'s Second Suppl. 1, ECF No. 375.

---

as Kosic states, "Pfizer, Moderna, and Johnson & Johnson are already at work on" developing booster shots to increase vaccine efficacy against COVID-19 variants. *Id.* at 3.

[5] To be clear, the Court is referring here to Kosic's COVID-19 infection and recovery. Kosic received his first dose of the Moderna vaccine on March 10—the day after he mailed his last letter. Gov't's Suppl. 1.

4

Having contracted the virus and recovered, Kosic's reason for a sentence reduction—namely, that it is necessary to protect his health—"is significantly less compelling." *United States v. Kerrigan*, No. 16 Cr. 576 (JFK), 2021 WL 793880, at *3 (S.D.N.Y. Mar. 2, 2021). "His risk of reinfection is extremely low," *United States v. Rodriguez-Francisco*, No. 13 CR 233-1 (VB), 2021 WL 326974, at *2 (S.D.N.Y. Feb. 1, 2021), and Kosic's vaccination further reduces that risk. Additionally, Kosic still has not provided any evidence that he is unable to manage his medical needs in prison. *See Kosic*, 2021 WL 199618, at *2; *United States v. Bush*, No. 1:18-cr-00907-PAC, 2021 WL 199618, at *2 (S.D.N.Y. Jan. 20, 2021). On this record, Kosic has failed to establish that his health conditions make his risk from COVID-19 an extraordinary and compelling reason warranting a sentence reduction.

The conditions at Fort Dix further support a finding that Kosic does not face an extraordinary risk from COVID-19. The number of infections at Fort Dix has fluctuated dramatically since Kosic filed his renewed motion, but it appears to have stabilized. On November 26, 2020, Fort Dix had 303 inmates testing positive for COVID-19. Renewed Mot. 9 & n.14. On December 21, 2020, those numbers were down to 121 positive inmates. Resp. Opp'n 3. On January 6, 2021, Fort Dix had 571 inmates and 17 staff members with active COVID-19 cases.[6] *Bush*, 2021 WL 199618, at *2 n.6. But by February 18, 2021, only 37 inmates were testing positive for COVID-19, and that number has decreased since. *See United*

---

[6] Kosic asserts that on January 12, 2021, the BOP listed 789 positive inmates at Fort Dix, and the CDC listed "inmate infection" at 1,471. Reply 1–2. Kosic does not provide any citations to support those figures, but the first appears accurate. *See United States v. Corso*, No. 17-CR-89-9 (CS), 2021 WL 467186, at *1 (S.D.N.Y. Feb. 9, 2021) (noting a peak of 797 inmate cases at Fort Dix on January 11 and 12, 2021). Kosic's second reference might be to the total number of inmates who recovered, rather than the number testing positive on January 12, 2021. *See id.* (citing that 1,457 inmates at Fort Dix had recovered from COVID-19). In any event, the number of infections at Fort Dix has decreased and stabilized since.

5

*States v. Johnson*, No. 94 Cr. 631 (PGG), 2021 WL 640054, at *4 n.4 (S.D.N.Y. Feb. 18, 2021); Gov't's Suppl. 1 ("[A]s of March 15, there were a total of 13 active inmate cases of Covid-19 at Fort Dix."). The Government submits that Kosic's housing unit has resumed regular operations. *Id.* Thus, the BOP seems to have brought the COVID-19 outbreak at Fort Dix under control.

The Court previously recognized the BOP's efforts to prevent and contain COVID-19 infection at Fort Dix, including COVID-19 screening and disinfection measures. *Kosic*, 2020 WL 3100459, at *2. Those efforts have, of course, since expanded to include vaccine distribution. *See* BOP, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last visited Mar. 17, 2021) (click "Learn more about vaccinations and view individual facility stats," then scroll to "Fort Dix FCI"). So far, 157 inmates and 183 staff members at Fort Dix have been fully inoculated, and Kosic should soon be counted among them. *Id.* As these vaccinations increase, Kosic's risk of contracting COVID-19 and suffering severe consequences at Fort Dix will continue to decrease.

Kosic's remaining objections to conditions at Fort Dix are unavailing. First, Kosic's claim that the BOP is violating his Eighth Amendment and (Fifth Amendment) Due Process rights by failing to keep him safe from COVID-19 (Def.'s Suppl. 4–5) is not properly brought in a motion for compassionate release; instead, he should raise that claim in a habeas petition under 28 U.S.C. § 2241, as it challenges the conditions of his confinement. *United States v. Stitsky*, No. 06-CR-357 (KMW), 2020 WL 7488065, at *2 n.4 (S.D.N.Y. Dec 14, 2020); *United States v. Zehner*, No. 19 Cr. 485 (AT), 2020 WL 3057759, at *2 (S.D.N.Y. June 8, 2020); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) ("Although the Court has the discretion to determine what qualifies as an extraordinary and compelling reason, the Court believes that it would be both improper and inconsistent with the First Step Act to allow [the defendant] to use

18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition."). Further, this Court lacks jurisdiction to determine a § 2241 petition, should Kosic file one, because the Court lacks jurisdiction over Kosic's custodian, the warden of Fort Dix. *Zehner*, 2020 WL 3057759, at *2; *accord United States v. Haney*, 454 F. Supp. 3d 316, 325–26 (S.D.N.Y. 2020). Because Kosic is incarcerated in New Jersey, the proper venue for a § 2241 petition is the District of New Jersey—the district of his confinement. *See Zehner*, 2020 WL 3057759, at *2.

Second, to the extent that it is relevant outside the context of an Eighth Amendment claim, Kosic's contention that "there is no reason why inmates should not be given the gold standard[] N95 masks" and that the BOP is neglecting him because he receives only cloth masks (Def.'s Suppl. 5–6) completely elides the ongoing shortage of N95 masks.[7] Neither this argument nor anything else in Kosic's filings persuades the Court that Kosic is being neglected, given the safety measures the BOP and Fort Dix have undertaken. *See Kosic*, 2020 WL 3100459, at *2.

In sum, Kosic has not established that the risk COVID-19 poses to him because of his health conditions is an extraordinary and compelling reason for a sentence reduction. Even if he could establish extraordinary and compelling reasons, the Court would deny his motion because the § 3553(a) factors weigh against granting Kosic a sentence reduction.

---

[7] "The initial shortage has eased, but there still aren't enough medical masks for health-care workers, let alone others. Demand for N95s is 500 to 1,000 percent higher than it was a year ago . . . ." Marisa Iati, *More Experts Now Recommend Medical Masks. Good Ones Are Hard to Find.*, WASH. POST (Feb. 2, 2021, 7:27 PM), https://www.washingtonpost.com/health/2021/02/02/medical-mask-shortage/.

*Section 3553(a) Factors*

Granting Kosic's renewed motion for a sentence reduction would undermine the applicable § 3553(a) sentencing factors. The nature and circumstances of Kosic's crime, including his leadership role in a drug trafficking organization ("DTO"), are extremely serious.[8] Kosic's involvement with the DTO spread over approximately three years, and he is responsible for distributing 36 kilograms of heroin along with "a quantity of fentanyl." Resp. Opp'n 1; *see also* Presentence Report ¶ 13, ECF No. 138 (showing that Kosic conspired to distribute six grams of fentanyl). These were "major league quantities" of deadly drugs, which Kosic continued dealing after they killed one young man and nearly killed a member of Kosic's own DTO. *Kosic*, 2020 WL 3100459, at *1 (quoting Sent'g Tr. 18: 9–15, ECF No. 175).

In considering Kosic's history and characteristics, the Court credits Kosic's efforts at rehabilitation, including earning his GED and completing a drug course. *See* Renewed Mot. Ex. H, at 1–2, ECF No. 363. But making good use of one's time in prison in this way is expected rather than extraordinary, and Kosic's modest rehabilitation does not outweigh the other § 3553(a) factors which continue to counsel against a sentence reduction. *See United States v. Paredes-Cordova*, No. S8 03 Cr. 987 (PAC), 2021 WL 761849, at *6 (S.D.N.Y. Feb. 26, 2021).

The nine months that have elapsed since the Court denied Kosic's initial motion for compassionate release have not changed the Court's view, held at sentencing in April 2019 and still held in June 2020, after the pandemic's onset, that 168 months of incarceration is the amount

---

[8] *See United States v. Maldonado*, No. 16 CR 285 (CM), 2021 WL 639069, at *5 (S.D.N.Y. Feb. 17, 2021) ("[The defendant's] crimes were extremely serious. [He] orchestrated the distribution of multiple kilograms worth of heroin on the streets of the Bronx for more than a year, preying on drug addicts to help him advance his drug sales."); *United States v. Zubiate*, No. 18-cr-442 (AJN), 2020 WL 3127881, at *3 (S.D.N.Y. June 12, 2020) ("[T]he underlying conduct here was very serious. [The defendant] was engaged in a substantial narcotics business, trafficking in large quantities of heroin laced with deadly fentanyl, as well as cocaine.").

8

of time sufficient, but not greater than necessary, to reflect the seriousness of Kosic's offense, promote respect for the law, and provide a just punishment alongside adequate deterrence to Kosic and others who might be tempted to follow in his footsteps. *See* § 3553(a)(2)(A)–(B). Kosic has still served less than a quarter of that time,[9] and he is not due to be released until December 22, 2029 (with credited time for good conduct). Resp. Opp'n 2. The cases that Kosic cites, in which courts have granted sentence reductions to defendants with similarly far-off release dates, do not persuade the Court that less time would suffice to serve these goals in Kosic's case.[10]

Moreover, granting Kosic's renewed motion would create an unwarranted disparity between his sentence and the sentences of his co-defendants. As noted before, "Paul Van Manen, who played a lesser role in the narcotics conspiracy but went to trial on [the same charges as Kosic], was sentenced to 276 months in prison. . . . Michael Nunez and Mirsad Bogdanovic[11] were sentenced to 150 and 160 months in prison[,] respectively." *Kosic*, 2020 WL 3100459, at *3 n.2 (citations omitted). Further, in October, the Court denied compassionate release to Joseph Cucciniello, who played a smaller role in the DTO, holding that even if he

---

[9] *See* Resp. Opp'n 1 (relaying that as of December 23, 2020, Kosic had served 35 months of his sentence. Now, in March, Kosic has served 38 months—a little under 23% of the 168 months' imprisonment this Court imposed).

[10] All but one of these cases come from courts outside of the Second Circuit, and they all involve materially different facts (or do not explain the court's § 3553(a) reasoning). *See* Reply 3–6; *see, e.g., United States v. Ford*, No. 00-80974, 2020 WL 4207092, at *1, *4 (E.D. Mich. July 22, 2020) (granting a sentence reduction to time served which, accounting for good time credit, amounted to a 24-year sentence); *United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *5–6 (W.D. Wash. June 11, 2020) (reducing defendant's sentence to time served and imposing an additional 24 months of supervised release without explaining how the court weighed the § 3553(a) factors).

[11] Bogdanovic's motion for compassionate release is currently pending before this Court. The Court takes no position on that motion here.

9

could establish extraordinary and compelling reasons, granting his motion after he had served only eight months of his 48-month sentence would fail to "'reflect the seriousness of the offense,' 'promote respect for the law,' and 'afford adequate deterrence to criminal conduct.'" *United States v. Cucciniello*, No. 1:18-cr-00030-PAC-9, 2020 WL 5836418, at *3 (S.D.N.Y. Oct. 1, 2020) (quoting § 3553(a)). The same would be true of a sentence reduction for Kosic. On this record, as in June, a reduced sentence would constitute "an undue windfall" and create unwarranted sentencing disparities among Kosic and his co-defendants. *Kosic*, 2020 WL 3100459, at *3. Thus, Kosic's renewed motion must be denied.

## CONCLUSION

Because Kosic has failed to establish extraordinary and compelling reasons, and even if he could, reducing Kosic's sentence would undermine the sentencing goals of 18 U.S.C. § 3553(a), Kosic's renewed motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED. The Clerk of Court is directed to close the motion at ECF number 363.

Dated: New York, New York
March 17, 2021

SO ORDERED

*Paul A. Crotty*
HONORABLE PAUL A. CROTTY
United States District Judge